Per Curiam.
It does not appear that the action were tried as if it were on a creditors bill to set aside the chattel mortgage. If it had been, the appropriate judgment would have been that the defendants account for the property mortgaged, or its proceeds. The appellant would not, in any event, have been liable for any greater sum, than the value of the property, or the proceeds obtained by him. If such were the action, it might in some cases be proper simply to set aside the judgment, and to declare the proper judgment, the action then to be remitted for further proceedings. Such a disposition would not be proper in this case, as *396 the defendant did not offer testimony below, for sufficient reasons, and further evidence might affect the findings, as to the fraudulent character of the mortgage.
But it would appear that the action, was brought as one at law, for damages, a jury trial being waived by the appellant. On that position, the plaintiff had no cause of action at law. At the time that the alleged wrongful act was done, the plaintiff had no lien upon the property mortgaged by execution issued or any interest in the property, which could be the subject of damage (Adler v. Fenton, 24 How. [ U. S.] 408; Moran v. Dawes, Hopk. Ch. 415 [365]; 13 N. Y. 488 ; 32 N. Y. 457). For this reason, the judgment should be reversed, with costs of appeal to appellant, to abide the event of the new trial, which is ordered.
There was also an appeal from an order denying defendant’s motion for a new trial, on the ground of surprise, and of newly discovered evidence. The discretion of the court bn this subject is best exercised by affirming the order, without costs to either party.